# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SUNIVA, INC. | ) | Case No. 17-10837 (KG) |
| | ) | |
| Debtors. | ) | |
| SQN ASSET SERVICING, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. Pro. No. 18-50687 (KG) |
| | ) | |
| SUNIVA, INC. and LION POINT CAPITAL, LP | ) ) | |
| | ) | |
| Defendants. | ) | Re: Adv. D.I. No. 2 |

## ORDER DENYING TEMPORARY RESTRAINING ORDER

Upon consideration of Plaintiff SQN Asset Servicing, LLC's ("SQN") Motion for Emergency and Preliminary Injunctive Relief ("Motion") against Defendants Suniva, Inc. ("Debtor") and Lion Point Capital, LP ("Lion Point") pursuant to Section 105(a) of Chapter 11 of the United States Code (the "Bankruptcy Code") and Rule 7065 of the Federal Rules of Bankruptcy Procedure, and this Court having found that good and sufficient cause does not exist for granting the Motion, IT IS HEREBY ORDERED THAT:

1. The legal and factual bases set forth in the Verified Adversary Complaint, the Motion, the Memorandum of Law and the Declaration of James M. Modak do not establish just cause for the issuance of a temporary restraining order ("TRO") enjoining the Debtor and Lion Point from commencing eviction proceedings against SQN.

2. SQN did not demonstrate a reasonable likelihood of success on the merits of its claim against the Debtor and Lion Point.

3. SQN did not meet its burden to demonstrate that the failure to enter a TRO would cause immediate and irreparable injury to SQN, the Debtor's estate and the Debtor's other creditors.

4. SQN did not show that serious and irreparable harm to SQN, the Debtor's estate and Debtor's other creditors from failure to issue a TRO far outweighs any harm to the Debtor and Lion Point.

5. Issuance of the TRO will not preserve the status quo pending a preliminary injunction hearing, and the Debtor and Lion Point will be harmed by issuance of a TRO.

6. Issuance of a TRO does not appear necessary to protect the interests of all parties' interest in this Chapter 11 case, and would not serve the public interest.

IT IS THEREFORE ORDERED THAT:

A. The Motion is DENIED as set forth on the record at the hearing on August 15, 2018.

B. The Court will conduct a hearing in connection with SQN's request for a preliminary injunction on a date and time to be determined.

C. The Court shall retain jurisdiction to, among other things, interpret, implement and enforce the terms and provisions of this order.

Dated: August 16, 2018

_____
KEVIN GROSS, U.S.B.J.